UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-5 SENECA BARNES,

    Defendant.

Case No. 15-20158
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT [213] AND MOTION FOR SENTENCE REDUCTION [217]**

---

During the criminal trial of Seneca Barnes, a number of her co-conspirators testified to her role in a scheme to cash counterfeit payroll checks. Many of the checks were admitted as exhibits, as were other bank records, surveillance videos, rental car and hotel records, and statements given to police further corroborating Barnes' involvement.

On March 16, 2016, a jury found Barnes guilty of bank fraud conspiracy in violation of 18 U.S.C. §§ 1349 and 1344. She was sentenced to 37 months' imprisonment. Her conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit. Barnes now seeks a reduction in her sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). Barnes claims her counsel provided ineffective assistance during trial and on appeal. As these claims have no merit, the motions will be DENIED.

**I.**

As summarized by the Sixth Circuit,

> Barnes served as a mid-level manager in a scheme to cash counterfeit payroll checks. Terence Randolph and Torin Maddox led the operation. They manufactured and distributed the counterfeit checks and recruited bottom-level participants to

cash them. Barnes drove these recruits to various banks in Michigan, Ohio, and Pennsylvania to pass the checks and handled much of the communication between the leaders and the check cashers. Five of the bottom-level participants testified against her at trial."

*United States v. Barnes*, 704 F. App'x. 435, 436 (6th Cir. 2017).

Barnes introduced an exhibit during her case but did not call any witnesses. The Court denied her Rule 29 motions for judgment of acquittal. (ECF No. 173.) Ultimately, the jury convicted Barnes and she was sentenced to 37 months' imprisonment. (ECF No. 161, 186.)

Barnes appealed. She argued, through defense counsel, that this Court erred in denying her motion for mistrial after the Government stated in closing that she had the same witness subpoena power as the Government. She also challenged the Court's calculation of the amount of the loss in determining the appropriate sentencing guidelines range. The Court of Appeals affirmed the conviction and sentence. *United States v. Barnes*, 704 F. App'x. 435 (6th Cir. 2017).

Barnes has now filed a motion under § 2255. (ECF No. 213.) She asserts four grounds for relief: ineffective assistance of counsel, that the Government's witnesses were not credible, "false appeal" (i.e., disagreement with the issues raised by counsel on appeal), and insufficient evidence. (*Id*.) None warrant a correction of Barnes' sentence. Nor is a hearing necessary because the motion, record of prior proceedings, and governing law "conclusively show that [Barnes] is entitled to no relief." 28 U.S.C. § 2255(b); Rules Governing § 2255 Cases, Rule 4(b).

## II.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the . . . jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Ineffective assistance of counsel claims are an appropriate basis for relief under § 2255. *See United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006). But "Section 2255 is not a substitute for a direct appeal, and thus a

defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).

### III.

### A.

Barnes raises a due process challenge with respect to the trial witnesses called by the Government and she also challenges the sufficiency of the evidence. (ECF No. 231, PageID.2331, 2334.) But neither of these claims were raised on direct appeal. And so the Government contends that Barnes' claims are procedurally defaulted. (ECF No. 223, PageID.2368-2369.) The Court agrees.

A defendant must raise her claims on direct appeal, "[o]therwise, the claim is procedurally defaulted" for purposes of § 2255 review. *Sullivan v. United States*, 587 F. App'x 935, 942 (6th Cir. 2014) (quoting *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in [a § 2255 motion] only if the defendant can first demonstrate either cause and actual prejudice, or that [s]he is actually innocent." *Id*. (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Barnes blames the default on her appellate counsel. For this to constitute cause excusing the default, Barnes must demonstrate that her counsel's performance was deficient and that she suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Start with her witness credibility challenge. Barnes alleges that, on his way from the stand, a Government witness said that he framed Barnes, "I got that bitch," and bragged about what he got paid to do. (ECF. No. 213, PageID.2331) Barnes says this "resulted in a complete miscarriage of justice." (*Id.*)

3

But Barnes cannot establish cause and prejudice. Witness credibility is, of course, for the jury. And Barnes does not even identify the witness who was allegedly out to get her. Nor does she point to any evidence in the record that corroborates her version of events. In any event, Barnes' trial counsel ably cross-examined all of the Government's witnesses. And Barnes does not point to any false testimony. So there is no way to know whether the witness' testimony was truthful or corroborated by other evidence. And thus no way to assess prejudice. So this claim has been defaulted.

Barnes also tries to resurrect an insufficient-evidence claim. She says there was no videotape of her in the banks, no fingerprints, no checks with her name on them, no one that positively identified her until a few days before trial, and no pre-trial discovery where anyone indicated she knowingly and voluntarily joined the conspiracy. (ECF No. 213, PageID.2334.)

It is not deficient performance for counsel to fail to raise a meritless argument on appeal. And "a defendant claiming insufficiency of the evidence bears a very heavy burden." *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015); *see also United States v. Mack*, 808 F.3d 1074, 1080 (6th Cir. 2015). Indeed, at the close of the Government's case and then again post-verdict, Barnes' counsel filed motions for judgment of acquittal challenging the sufficiency of the evidence. In denying the motions, this Court relied on the trial testimony and exhibits that were more than sufficient for any rational jury to find Barnes guilty of bank fraud beyond a reasonable doubt. (ECF No. 173; ECF. No. 169, PageID.686-690.) While Barnes points to evidence she thinks was missing, she ignores the overwhelming evidence identified in the Court's prior rulings that supported the verdict. In so doing, she has established neither deficient performance nor prejudice in trial counsel's decision to rely on stronger arguments on appeal. Indeed, the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from

being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quotation marks omitted); *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Thus, Barnes has not established ineffective assistance of counsel that could constitute cause to excuse the default of her sufficiency of the evidence claim.

## B.

Relatedly, Barnes raises what appear to be a number of more direct ineffective-assistance-of-counsel claims to support her request for a corrected sentence under § 2255.

Again, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that her counsel's performance was constitutionally deficient and that she suffered prejudice as a result. *Strickland*, 466 U.S. at 687. Review of counsel's performance is highly deferential, and the Court "must indulge a strong presumption that counsel's conduct was reasonable and might be considered sound trial strategy." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (citing *Strickland*, 466 U.S. at 689). To demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (citing *Williams v. Taylor*, 529 U.S. 362, 391 (2000)).

### 1.

Barnes claims her counsel was ineffective for failing to call witnesses, including her. (ECF No. 213, PageID.2330.) She says she had witnesses who "would have testif[ied] truthfully on [her] behalf." (ECF No. 213, PageID.2333.) But trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption

that the challenged action might be considered sound trial strategy. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

Barnes has failed to overcome this presumption. She does say that her witnesses did not have "substance abuse issue or criminal records." But that is not the only factor counsel weighs in deciding whether to call witnesses. And Barnes has given the Court little information on the other factors. She does not identify the uncalled witnesses. She offers no affidavits or other evidence to demonstrate how those witnesses might have testified. So Barnes cannot show that she was prejudiced by defense counsel's strategy not to call them. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005).

Nor is Barnes entitled to § 2255 relief because her counsel did not call her as a witness. The right to testify is personal to the defendant, may be relinquished only by the defendant, and the defendant's relinquishment must be knowing and intentional. *United States v. Webber*, 208 F.3d 545, 550-551 (6th Cir. 2000). "The defense counsel's role is to advise the defendant whether or not she should take the stand, but it is for the defendant, ultimately, to decide." *Id*.

Barnes' current contention that she "wanted to take the witness stand" (ECF No. 213, PageID.2330) is not what she told the Court during trial. At the close of the Government's case, the Court engaged in the following colloquy with Barnes:

> THE COURT: Miss Barnes, you were here during the jury selection and my preliminary instructions when I advised the jury that you have the right to take the witness stand or not as you choose and you cannot be required to take the witness stand and testify. Do you understand that right that you have?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And have you discussed this right with Mr. Simmington [defense counsel] and the issue of testifying or not testifying in this case?
>
> THE DEFENDANT: Yes, your Honor, I have.

6

> THE COURT: And do you want or need any additional time to discuss this issue further with him?
>
> THE DEFENDANT: No, your Honor, I don't.
>
> THE COURT: Do you understand the decision whether to testify is your decision to make?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And after consulting with counsel, have you knowingly decided not to testify in this case?
>
> THE DEFENDANT: Yes, your Honor.

(ECF No. 199, PageID.2049.) The record is clear that "Barnes' attorney did not fail to call [Barnes] to the witness stand; [Barnes] chose not to take the witness stand." *United States v. Black*, 448 F. App'x. 594, 596 (6th Cir. 2012). This was not deficient performance. And Barnes has provided no argument to support that the jury's verdict would have been different had she testified.

**2.**

Lastly, Barnes seeks § 2255 relief for what she calls "false appeal." (ECF No. 213, PageID.2332.) Barnes appears to disagree with the arguments her counsel raised on appeal—the Government's alleged impermissible reference in closing to her subpoena power and the challenge to the Court's calculation of the amount of the loss in determining her sentencing guidelines range. But Barnes does not identify what arguments (other than perhaps sufficiency of the evidence) should have been raised instead.

As mentioned, an attorney is not required "to raise every non-frivolous issue on appeal." *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). Where, as here, defense counsel "presents one argument on appeal rather than another . . . the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present'" to establish ineffective

assistance of counsel." *Id*. at 348 (quoting *Smith v. Robbins*, 528 U.S. 259 (2000)). Barnes has failed to make this showing.

## IV.

At the time Barnes filed her § 2255 motion, she filed a separate motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). (ECF No. 217.) The two motions seek the same relief—a two-level reduction in Barnes' offense level. Barnes contends that the Court failed to consider a minor role reduction when calculating her guidelines range. But these types of sentencing challenges, i.e., non-constitutional errors, are not ordinarily cognizable on collateral review. *See, e.g.*, *Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996); *see also Diaz v. United States*, 2017 U.S. App. LEXIS 27864, at *3 (6th Cir. June 23, 2017) ("Where, as here, a defendant did not challenge his sentence on direct appeal, a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a 'complete miscarriage of justice.'")

Resisting this conclusion, Barnes contends that her argument is based on an amendment to the commentary section of the sentencing guideline for a defendant's mitigating role in the offense, Amendment 794, which, says Barnes, is a retroactive and clarifying amendment that allows her to raise this argument now. (ECF. No. 217.)

The Court disagrees. For the reasons set forth in the Government's response brief (ECF No. 224), Barnes' motion under § 3582(c)(2) is DENIED. Amendment 794 "provides additional guidance to sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015). The Government correctly points out that Amendment 794 went into effect on November 1, 2015 and Barnes was sentenced on August 3, 2016. (ECF No. 224, PageID.2374.) Thus, Barnes could have raised this argument at sentencing and on direct appeal. The Government also correctly points out that, at sentencing, the Court

adopted the findings in the Presentence Report that Barnes had a leadership role in the conspiracy. (ECF No. 224, PageID.2375.) Nothing about the amendment impacted the Court's sentence in any way.

Also, § 3582(c)(2) cannot be utilized to reduce a defendant's sentence based on an amendment to the Sentencing Guidelines unless the amendment is specifically listed in U.S.S.G. § 1B1.10. Amendment 794 is not so listed. Thus, Barnes cannot seek application of Amendment 794 by way of a § 3582(c)(2) motion to try to reduce her sentence. *Diaz, supra; see also United States v. Brooks*, No. 07-20411, 2018 U.S. Dist. LEXIS 140959, at *3 (E.D. Mich. Aug. 20, 2018).

## V.

At bottom, Barnes has not provided any reason to vacate, correct, or set aside her sentence. So her § 2255 motion (ECF No. 213) and motion for sentence reduction (ECF No. 217) are DENIED.

The Court further finds that reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Barnes has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

/s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2018

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties of record on December 27, 2018, by electronic and postal mail.  
/s/ A. Chubb for W. Barkholz  
Case Manager